

ENTERED
12/07/2009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 09-31646 |
| CHARLES J PUCCIO, III; fdba TEXAS | § | Chapter 13 |
| PREOWNED CARS AND TRUCKS; fdba | § | |
| LIMO SERVICES OF TEXAS, JULIE K | § | |
| PUCCIO, | § | |
| Debtor(s). | § | Judge Isgur |

## MEMORANDUM OPINION
## ALLOWING AMENDED PROOF OF CLAIM

For the reasons set forth below, the Court allows the September 24, 2009 amended claim (Claim No. 18-5) filed by the Internal Revenue Service ("IRS").

### *Background*

Joint Debtors Charles J. Puccio, III and Julie K. Puccio filed for chapter 13 relief on March 10, 2009. They filed their first proposed plan on March 25, 2009 (docket no. 12). On May 27, 2009, Debtors amended their proposed plan (docket no. 47). The first confirmation hearing was continued to July 28, 2009. On July 22, 2009, Debtors again amended their plan (docket no. 73), before amending it again five days later on July 27 ("July 27 plan") (docket no. 75).

On June 19, 2009, the IRS filed its first proof of claim seeking only an unsecured priority claim and an unsecured general claim. This proof of claim was subsequently amended on June 24, 2009, July 20, 2009, July 23, 2009, August 20, 2009 and September 24, 2009 by Claim Nos. 18-1, 18-2, 18-3, 18-4, and 18-5 respectively.[1] The July 20 proof of claim was the first that asserted a secured claim. That proof of claim asserted $21,800.21 in secured claims, $34,541.03

---

[1] For convenience, the Court will refer to the proofs of claim by their filing date rather than by their claim number, except when the specific claim number is pertinent to the discussion.

in unsecured priority claims, and $3,898.68 in unsecured general claims.

The July 27 plan is the first plan that addressed the IRS's secured claims. That proposed plan alleged that the value of the collateral securing the IRS claim had no value. Accordingly, pursuant to § 506 of the Bankruptcy Code, the plan proposed a $0.00 payment on the IRS's secured claims.

The collateral that allegedly serves as security for the IRS's secured claim is Mrs. Puccio's ownership interest in her business entity, Puccio Enterprises, LLC. Puccio Enterprises, LLC owns and operates Bella Nova Day Spa and Retreat ("Day Spa"). There is no dispute that Mrs. Puccio is individually liable for the Day Spa's FUTA[2] and FICA[3] employment tax liabilities.

At the second confirmation hearing on July 28, 2009, the Court granted a continuance so that the IRS could properly review the plan and file an objection to confirmation. The Court ultimately continued the hearing to September 22, 2009. The IRS filed its objection on September 19, 2009 (docket no. 99).

A day before the September 22, 2009 confirmation hearing, Debtors filed another amended plan ("September 21 plan") (docket no. 102). The September 21 plan responded to the IRS's objection, but not entirely.[4] The plan still valued the IRS's secured claim at $0.00. As a result, the Court heard the remainder of the IRS's objection on September 22, 2009.

---

[2] FUTA stands for the Federal Unemployment Tax Act. 26 U.S.C.S. § 3311. *See also* 26 U.S.C.S. §§ 3301 et. seq.

[3] FICA stands for the Federal Insurance Contributions Act. 26 U.S.C.S. § 3128. *See also* 26 U.S.C.S. §§ 3101 et. seq. It is a payroll tax that funds Social Security and Medicare. 28 U.S.C.S. § 3111.

[4] The IRS's objection was to Debtors' July 27 plan (docket no. 75) in which Debtors provided a lower amount for the IRS's priority and security claims than what the IRS had claimed. Debtors' September 22 plan provided for the IRS's priority claim of $29,008.39 in its entirety, but it still did not provide for payment of the IRS's secured claim of $27,737.21.

On September 22, 2009, the Court conducted an evidentiary hearing on the valuation of Mrs. Puccio's ownership interest in Puccio Enterprises, LLC. The Court found that the tangible property to which the IRS's lien is attached is owned by Puccio Enterprises, LLC and not by the Estate. Rather, the Estate owns what is Mrs. Puccio's ownership interest in Puccio Enterprises, LLC. Although the IRS has a lien against that ownership interest, the Court valued the lien against the ownership interest at $0.00. The principal reason for the valuation was that the IRS's lien against the tangible property left the business without any equity. The IRS also asserted a secured claim of $5,937.00 as a setoff right against the Puccios' 2007 income tax liability. Because the IRS's lien against the ownership interest is valueless, the IRS's secured claim is limited to the value of its setoff right pursuant to § 506 of the Bankruptcy Code. The balance of the IRS claim is unsecured. The Court's rulings were made without prejudice to the IRS's rights, if any, against Puccio Enterprises, LLC. The Court also held that Mrs. Puccio was personally liable for Day Spa's FUTA and FICA employment taxes.

As a result of the Court's ruling, the IRS filed another amended proof of claim on September 24, 2009.

Because the governmental bar date of September 6, 2009 had passed, the Court ordered the parties to submit post-hearing briefs on whether the IRS could file such an amendment to its claim.[5]

The issue is whether the IRS's September 24 amendment relates back to any of the previously and timely filed proofs of claim.

---

[5] The Court notes that though both parties were ordered to file post-hearing briefs, only the IRS complied. The Court treats Debtors' inaction as acquiescence to the IRS's position. In the future, Debtors' counsel should not ignore a briefing deadline that is set by the Court. If the Debtors do not contest an issue, courtesy dictates that the Court and opposing counsel be informed by an appropriate filing with the Court.

*Jurisdiction & Venue*

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District under 28 U.S.C. § 1408.

*Analysis*

The Court analyzes the IRS proofs of claim in light of the guidance provided by *United States v. Kolstad* (*In re Kolstad*), 928 F.2d 171, 175 (5th Cir. 1991) ("[A] 'superseding' claim by its nature may include a broader spectrum of demands against the debtor than an 'amendment,' which, as noted, must adjust or correct the terms of the claim originally filed.").

1. **Timeliness**

A governmental unit has 180 days after the petition date to file a proof of claim. 11 U.S.C. § 502(b)(9); FED. R. BANKR. P. 3002(c)(1). Debtors filed their petition on March 10, 2009, establishing the governmental bar date for filing proofs of claim as September 6, 2009.

The IRS filed a total of six proofs of claim, including amendments. The chart below summarizes the IRS's filings.

| Claim No. | Date Filed[6] | Narrative |
|---|---|---|
| 17 | June 19 | Filed as an original |
| 18-1 | June 24 | Filed as an original |
| 18-2 | July 20 | Filed as an amendment |
| 18-3 | July 23 | Filed as an amendment |
| 18-4 | August 20 | Filed as an amendment |
| 18-5 | September 24 | Filed as an amendment |

Every amendment was filed before the bar date, except for the September 24 amendment. As a result, the question that must be answered is whether the September 24

---

[6] All dates are in the 2009 year.

amendment relates to any of the previously filed proofs of claim. *Kolstad*, 928 F.2d at 175.

### 2. *Amendments to Proofs of Claim*

The Fifth Circuit has held that "amendments to timely [filed] creditor proofs of claim have been liberally permitted to 'cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim.'" *Id.* (quoting *United States v. Int'l Horizons, Inc. (In re Int'l Horizons, Inc.)*, 751 F.2d 1213, 1216 (11th Cir. 1985)). *See also Szatkowski v. Meade Tool & Die. Co.*, 164 F.2d 228, 230 (6th Cir. 1947); *In re G.L. Miller & Co.*, 45 F.2d 115 (2nd Cir. 1930); *In re Friesenhahn*, 169 B.R. 615, 618 (Bankr. W.D. Tex. 1994) ("[T]he amended claim must be of the same basic genre as, or bear a sufficient relationship to, the claim or claims included in the original filing.").[7] Amendments to proofs of claim relate back to the original filing they amend, whether the amendments are filed timely or tardily. *Friesenhahn*, 169 B.R. at 618.

However, "[a]mendments do not vitiate the role of bar dates: indeed, courts that authorize amendments must ensure that corrections or adjustments do not set forth wholly new grounds of liability." *Kolstad*, 928 F.2d at 175 (citing *First Nat'l Bank of Mobile v. Everhart (In re Commonwealth Corp.)*, 617 F.2d 415, 420 (5th Cir. 1980)). "[T]he court must subject post bar date amendments to careful scrutiny to assure that there was no attempt to file a new claim under the guise of an amendment." *Int'l Horizons, Inc.*, 751 F.2d at 1216 (citing *Commonwealth Corp.*, 617 F.2d at 420). "The deadlines have a purpose: they enable a debtor and his creditors

---

[7] The Court notes that in *Friesenhahn*, the bankruptcy court refers to Rule 15(c) of the FED. R. CIV. P, made applicable through Rules 7015 and 9014 of the FED. R. BANKR. P, in analyzing amendments to proofs of claim. *Friesenhahn*, 169 B.R. at 618. Unlike the bankruptcy court in *Friesenhahn*, this Court has not incorporated FED. R. CIV. P. 15 to this contested matter through FED. R. BANKR. P. 9014. FED. R. CIV. P. 15 is also not applicable pursuant to FED. R. BANKR. P. 7015 because this is not an adversary proceeding. However, the fundamental principle on which both courts' analyses rely is the same.

to know, reasonably promptly, what parties are making claims against the estate and in what general amounts." *Kolstad*, 928 F.2d at 173. "[T]he principal concern of claims amendments [is] that no new claim be tardily asserted...." *Id.* at 175.

Construing these concerns together, the overall inquiry is:

> (1) whether [the] IRS is attempting to stray beyond the perimeters of the original proof of claim and effectively file a 'new' claim that could not have been foreseen from the earlier claim or events such as an ongoing or recently commenced audit; and (2) the degree and incidence of prejudice, if any, caused by [the] IRS's delay.

*Kolstad*, 928 F.2d at 176, n.7.[8]

---

[8] The Court is aware of other courts' utilization of a five-factor test originally described in *Miss Glamour Coat Co.*, which consists of: (1) whether the debtors and creditors relied upon the government's earlier proof of claim or whether they had reason to know that later proofs of claim would follow upon completion of audit; (2) whether other creditors would receive a windfall to which they are not entitled if the court disallowed the IRS amendment; (3) whether the IRS intentionally or negligently delayed in filing the proof of claim stating the amount of taxes due; (4) the justification, if any, for IRS's failure to request an extension of time for the submission of further proofs pending an audit; and (5) whether any other equitable consideration should be taken into account. *Int'l Horizons, Inc.*, 751 F.2d at 1218 (citing *In re Miss Glamour Coat Co.*, 80-2 U.S.T.C. (CCH) ¶ 9737 (S.D.N.Y. 1980)). *See e.g. Friesenhahn*, 169 B.R. at 619; *Barton v. United States (In re Barton)*, 151 B.R. 110, 115-16 (Bankr. W.D. Mich. 1993); *United States v. Miller (In re Miller)*, 118 B.R. 76, 80 (Bankr. E.D. Tenn. 1989); *In re Midwest Teleprods. Co., Inc.*, 69 B.R. 675, 677 (N.D. Ohio 1987). The Fifth Circuit has held that "while [the five factors are] helpful, these considerations are overlapping and seem to subsume two general questions" as quoted above. *Kolstad*, 928 F.2d at 176, n.7.

For clarity, the Court provides the following chart to show the grounds on which the IRS filed its claims and the respective total amounts for each claim as well as for each classification of claims.

| No. | Date | Total Amount | Secured | | Unsecured Priority | | Unsecured General | |
|---|---|---|---|---|---|---|---|---|
| | | | Type | Amount | Type | Amount | Type | Amount |
| 17 | June 19 | $47,389.47 | -- | | Income, 2007 | $22,087.91 | Penalty | $1,404.36 |
| | | | | | Income, 2007 (unassessed) | $100.00 | | |
| | | | | | Income, 2008 | $23,797.20 | Subtotal | $1,404.36 |
| | | | | | Subtotal | $45,985.11 | | |
| 18-1 | June 24 | $23,592.27 | -- | | Income, 2007 | $22,087.91 | Penalty | $1,404.36 |
| | | | | | Income, 2007 (pending exam) | $100.00 | Subtotal | $1,404.36 |
| | | | | | Subtotal | $22,187.91 | | |
| 18-2 | July 20 | $60,239.92 | FUTA, 2007 | $947.10 | Income, 2007 | $22,087.91 | Penalty | $3,898.68 |
| | | | FICA, 2007 | $826.91 | Income, 2008 (unfiled return) | $1000.00 | | |
| | | | FICA, 2008 | $20,026.02 | FICA, 2008 | $11,453.12 | Subtotal | $3,898.68 |
| | | | Subtotal | $21,800.21 | Subtotal | $34,541.03 | | |
| 18-3 | July 23 | $59,239.92 | FUTA, 2007 | $947.10 | Income, 2007 | $22,087.91 | Penalty | $3,898.68 |
| | | | FICA, 2007 | $826.91 | FICA, 2008 | $11,453.12 | | |
| | | | FICA, 2008 | $20,026.20 | Subtotal | $33,541.03 | Subtotal | $3,898.60 |
| | | | Subtotal | $21,800.21 | | | | |
| 18-4 | August 20 | $59,239.92 | Income, 2007 (setoff) | $5,937.00 | Income, 2007 | $17,555.27 | Penalty | $2,494.32 |
| | | | FUTA, 2007 | $947.10 | FICA, 2008 | $11,453.12 | | |
| | | | FICA, 2007 | $826.91 | Subtotal | $29,008.39 | Subtotal | $2,494.32 |
| | | | FICA, 2008 | $20,026.20 | | | | |
| | | | Subtotal | $27,737.21 | | | | |
| 18-5 | September 24 | $59,239.92 | Income, 2007 (setoff) | $5,937.00 | Income, 2007 | $17,555.27 | Penalty | $6,525.15 |
| | | | | | FUTA, 2007 | $738.72 | | |
| | | | | | FICA, 2007 | $65.07 | | |
| | | | Subtotal | $5,937.00 | FICA, 2008 | $28,418.71 | Subtotal | $6,525.15 |
| | | | | | Subtotal | $46,777.77 | | |

The September 24 amendment is for 2007 income taxes, 2007 FUTA taxes, and 2007 and 2008 FICA taxes. The Court will analyze income and employment taxes separately.

### a. *2007 Income Taxes*

As set forth above, every proof of claim and amendment (except for the September 24 amendment) was filed prior to the bar date. Accordingly, the Court evaluates these documents solely for the purposes of completeness. The September 24 amendment only needs to relate back to a prior filing in order to be allowed.

The first proof of claim for 2007 income taxes was the June 19 proof of claim. In that proof of claim, the IRS noted that the amount was pending a review of the Puccios' unassessed 2007 income tax return. Similarly, the next proof of claim on June 24 shows that the IRS's 2007 income tax claim amount was also pending a review of the Puccios' 2007 income tax return. Thus, the Puccios had reason to know starting in June, 2009 that the IRS intended to hold the estate liable for their 2007 income taxes.

Furthermore, because the IRS noted that these two proofs of claim were submitted pending a review of the Puccios' 2007 income tax returns, the Puccios had notice that the IRS would likely file amendments upon completing its review.

The IRS filed its July 20 amendment after finishing its review of the Puccios' 2007 income tax return. This is not a new claim. It did not "stray beyond the perimeters of the original proof of claim" and was foreseeable "from the earlier claim [that indicated] an ongoing...audit." *Id.* The Court finds that the July 20 amendment relates back to the June 19 proof of claim.

The July 20 amendment was not the IRS's final amendment. The Puccios had yet to submit their 2008 income tax return. Thus, the July 20 amendment was filed before the IRS's receipt and review of the Puccios' 2008 income tax return. This fact was known by the Puccios,

8/13

for it was noted by the IRS on the proof of claim form. On this basis, though the IRS had accepted the liability amount for the Puccios' 2007 income taxes, the IRS had yet to finalize its proof of claim with another amendment.

The IRS filed the July 23 and August 20 amendments after receiving and finishing its review of the Puccios' amended 2008 income tax return. The amended 2008 tax return showed the Puccios were entitled to a refund of $5,937.00. The IRS accepted this amount, but claimed the right to setoff that amount against the Puccios' tax liability for the 2007 year.

With respect to the July 23 and August 20 amendments, there is no difference except that the July 23 amendment mistakenly omitted the IRS's right to setoff $5,937.00 as a secured claim. The August 20 amendment corrected this omission. Both amendments are well within the accepted boundaries of amendments to proofs of claim. The July 23 amendment was foreseeable "from the earlier [July 20 amendment that indicated] an ongoing...audit" and the August 20 amendment was filed to correct a mistake. *Id.* They are not new claims.

The September 24 amendment—the only amendment filed after the proof of claim deadline—was filed to conform with the Court's ruling that the IRS's secured claim is limited to its right to setoff the Puccios' 2008 tax refund. This amendment re-classified the IRS's *employment* tax claims from secured to unsecured priority and unsecured general claims, pursuant to § 507 of the Bankruptcy Code. It did not change anything with respect to the IRS's 2007 *income* tax claims. Therefore, with respect to the IRS's 2007 income tax claims, the September 24 amendment is exactly the same as the August 20 amendment in the treatment of the Puccios' 2007 income tax liability. It relates back.

Reading the amendments, they "do not set forth wholly new grounds of liability" from

9/13

either original proof of claim regarding the IRS's 2007 tax claim. *Id.* This point is further illustrated by the fact that the 2007 tax claim amount remained unchanged from the first proof of claim. With respect to the IRS's 2007 income tax claims, the September 24 amendment is valid.

### b. *2007 and 2008 Employment Taxes*

The September 24 amendment includes claims for 2007 FUTA taxes, and 2007 and 2008 FICA taxes. The first time the IRS listed these employment tax claims was on the July 20 amendment.

The July 20 amendment lists the IRS's 2007 FUTA tax claim as secured; 2007 FICA tax claim as secured; and 2008 FICA tax claim as both secured and unsecured priority. The next two filings on July 23 and August 20 did not change the amount or the classification of these employment tax claims. They also made claims for the same exact time periods. They were filed only to change the IRS's 2007 income tax claim. As a result, they did not "stray beyond the perimeters of the original proof of claim." *Kolstad*, 928 F.2d at 176, n.7. They were for exactly the same employment tax claims as those in the July 20 amendment. The Court finds that the July 23 and August 20 amendments relate back to the July 20 amendment.

The September 24 amendment modified the IRS's employment tax claims to correspond with the Court's ruling that the IRS's secured claim is limited to its right of setoff. Thus, this amendment re-classified all of the IRS's employment tax claims that were previously classified as secured to either unsecured priority or unsecured general claims. The re-classification to unsecured general claims is with respect to the penalties as of the petition date associated with the employment tax claims.

As priority claims pursuant to § 507 of the Bankruptcy Code, the IRS's employment tax

10/13

claims must be paid in full. 11 U.S.C. § 1322. This re-classification is not minor. Though both allowed secured and unsecured priority claims must be paid in full, secured claims are secured only to the extent of the value of the lien. 11 U.S.C. § 1325(a)(5)(B)(ii) ("[T]he value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim."); 11 U.S.C. § 506(a)(1) ("An allowed claim of a creditor secured by a lien on property in which the estate has an interest...is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property,...and is an unsecured claim to the extent that the value of such creditor's interest...is less than the amount of such allowed claim."). Thus, to the extent that the IRS's employment tax claims were under-secured, the IRS would have received partial payment. By re-classifying them as unsecured priority claims, the IRS is now entitled to full payment.

The penalties associated with the employment tax claims are no longer secured claims, but rather, unsecured general claims. This is not a major change. To the extent that the IRS's penalty tax claims were under-secured, the unsecured portion would also have been treated as an unsecured general claim. 11 U.S.C. § 506(a)(1).

Though the re-classification of employment tax claims by the September 24 amendment is significant, it does not offend principles of fair notice. "[T]he final determination of the allowed amount [or classification] of a claim [sic] is not the function of bar dates so much as of the claims adjudication process." *Id.* at 174. The function of bar dates is to give notice. *Id.* at 173. The previous proofs of claim were timely filed, and therefore, gave notice to the Puccios of these employment tax claims. Despite the re-classifications, the September 24 amendment should be allowed and relates back to an earlier filing. *Pepper v. Litton*, 308 U.S. 295, 304-05,

60 S.Ct. 238, 244, 84 L. Ed. 281, 288 (1939) ("[The bankruptcy courts' equitable powers] have been invoked to the end that fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done."); *Commonwealth Corp.*, 617 F.2d at 421 ("'[A] bankruptcy court...sits as a court of equity, duty bound to examine each claim to see that injustice is not done and that all claims are fairly considered.'" (quoting *Leach v. SBA (In re Crown Cabinets, Inc.)*, 488 F.2d 91, 92 (5th Cir. 1973))).

The IRS argues that the September 24 amendment should relate back to the original proofs of claim. Though the IRS admits that these employment taxes were erroneously omitted from the original proofs of claim, the IRS argues that they should have been foreseen by the Puccios because the very same tax liabilities appeared on the Puccios' 2007 and 2008 employment tax returns. Therefore, the Puccios had reason to know of these tax liabilities and should not have been surprised by their inclusion on the proofs of claim.

The Court finds that the September 24 amendment does relate back to an earlier filing, but not to the original proofs of claim. Contrary to the IRS's logic, "a claim arises where the creditor evidences an intent to assert its claim against the debtor." *Wilkens v. Simon Bros., Inc*, 731 F.2d 462, 465 (7th Cir. 1984). "Mere knowledge of the existence of the claim is insufficient." *Id.* Even though the Puccios' 2007 and 2008 employment tax returns indicated such FUTA and FICA tax liabilities, the IRS's claims for these liabilities did not arise until a proper filing for them. The first proper filing was not until the July 20 amendment. *Friesenhahn*, 169 B.R. at 618 (Bankr. W.D. Tex. 1994) ("[T]he amended claim must be of the same basic genre as, or bear a sufficient relationship to, the claim or claims included in the original filing."). The Court holds that the September 24 amendment relates back to the July 20

amendment, with respect to the IRS's employment tax claims. The July 20 amendment was filed prior to the bar date. The September 24 amendment will be allowed because it relates back to the July 20 amendment

### c. *Different Amounts Claimed*

The Court notes that the total amounts listed on each filing differ. However, this fact is not significant. Before the filing of the July 23 amendment, all prior proofs were submitted pending a review or a receipt of a tax return. After the July 23 amendment was filed, subsequent amendments only re-classified already listed claims. The total amount of $59,239.92 in claims remained the same throughout the July 23, August 20 and September 24 amendments. Therefore, the September 24 amendment's total claim amount is not new to the Puccios. They had knowledge not only of the various types of liability, but also of the respective amounts for each liability, all before the bar date.

### Conclusion

The September 24, 2009 amended proof of claim filed by the Internal Revenue Service will be allowed by separate order.

Signed at Houston, Texas, on December 7, 2009.

MARVIN ISGUR
United States Bankruptcy Judge